**Wilson CHOUEST, Petitioner—Appellant,**

v.

**Derral G. ADAMS, Warden, Respondent—Appellee.**

**No. 09–16213.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2011.[*]

Filed March 10, 2011.

Steven Charles Sanders, Sanders & Associates, West Sacramento, CA, for Petitioner–Appellant.

Krista Leigh Pollard, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: FARRIS, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM [**]

California state prisoner Wilson Chouest appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Chouest contends that the Board's 2005 decision to deny him parole was not sup-

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ported by "some evidence" and therefore violated his due process rights. The only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke,* —— U.S. ——, —— – ——, 131 S.Ct. 859, 862–63, 178 L.Ed.2d 732 (2011). Because Chouest raises no procedural challenges, we affirm.

Chouest's request for further briefing is denied.

**AFFIRMED.**

Zumbro contends that the Board's 2004 decision to deny him parole was not supported by "some evidence" and therefore violated his due process rights. The only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke,* —— U.S. ——, —— – ——, 131 S.Ct. 859, 862–63, 178 L.Ed.2d 732 (2011). Because Zumbro raises no procedural challenges, we affirm.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.